IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 4 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02634-BNB

REGINALD REED,

      Applicant,

v.

RAE TIMME, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Reginald Reed, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Fremont

Correctional Facility in Cañon City, Colorado. Mr. Reed initiated the instant action by

filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the validity of his conviction in El Paso County, Colorado, district court case

number 99CR1475. He paid the $5.00 filing fee for a habeas corpus action.

      On November 16, 2009, Magistrate Judge Boyd N. Boland ordered Respondents

to file a pre-answer response limited to addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under

§ 2254(b)(1)(A). On December 2, 2009, Respondents filed their pre-answer response

asserting that the instant action is barred by the one-year limitation period and that

Applicant's claims are not exhausted and now are procedurally defaulted. On

December 22, 2009, Mr. Reed was granted an extension of time up to and including

February 10, 2010, to file a reply to the pre-answer response. On February 12, 2010,

Mr. Reed filed a document titled "Affidavit of Truth." On February 16, 2010, he filed a reply to the pre-answer response.

The Court must construe liberally Mr. Reed's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

In 1999, Mr. Reed pleaded guilty to one count of sexual assault on a child and an associated crime-of-violence count. On October 29, 1999, he was sentenced to ten years of probation, eight of which were to be served in community corrections. He did not appeal directly from his conviction and sentence.

On October 24, 2000, he filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On September 27, 2001, the trial court denied the motion. He did not appeal.

On September 30, 2004, Mr. Reed's probation was revoked after he was terminated from community corrections, and he was resentenced to an indeterminate term of three years to life in the DOC. He did not appeal directly from the revocation of probation or the new sentence.

On January 26, 2005, Mr. Reed filed a motion for reconsideration of sentence pursuant to Colo. R. Crim. P. 35(b). On October 3, 2005, the trial court denied the motion. He did not appeal.

On October 19, 2006, Mr. Reed filed a "Motion for Preservation and Production of Evidence." On March 23, 2007, he filed a motion for evidentiary hearing. The trial

court treated the "Motion for Preservation and Production of Evidence" as if it had been filed under Colo. R. Crim. P. 35(c), and on April 5, 2007, denied the motion as untimely under Colo. Rev. Stat. § 16-5-402, the Colorado postconviction statute, because the motion was filed more than three years after his initial judgment of conviction, which the trial court found occurred on November 1, 1999. On the same day, the trial court also denied the motion for evidentiary hearing. Mr. Reed did not appeal.

On October 12, 2007, Mr. Reed filed a motion titled "Motion to Proceed with Crim. P. 35(c) Post Conviction Relief Motion." The prosecution responded that the motion was untimely and that Mr. Reed had not shown justifiable excuse or excusable neglect to excuse the late filing of his postconviction motion. In an order dated February 20, 2008, the trial court denied Mr. Reed postconviction relief because the Colo. R. Crim. P. 35(c) motion was untimely and because Mr. Reed failed to allege facts sufficient to establish justifiable excuse or excusable neglect. Mr. Reed appealed from the denial of the October 12 motion. On May 7, 2009, the Colorado Court of Appeals affirmed, agreeing that Mr. Reed had failed to allege sufficiently justifiable excuse or excusable neglect for the late filing of his postconviction motion. *See People v. Reed*, No. 08CA0801 (Colo. Ct. App. May 7, 2009) (unpublished). The Colorado Court of Appeals subsequently denied Mr. Reed's petition for rehearing. On October 13, 2009, the Colorado Supreme Court denied certiorari review.

On November 9, 2009, Mr. Reed filed the instant habeas corpus application. He asserts three claims: (1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (2) he was denied the effective assistance of trial counsel; and (3) he was denied the right to access a library and

3

pursue postconviction relief during his time in community corrections.  As noted above,

Respondents contend that this action is barred by the one-year limitation period in 28

U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run.

Because he did not file a direct appeal, Mr. Reed's conviction became final when the

time for filing a direct appeal expired.  Pursuant to Rule 4(b) of the Colorado Appellate

4

Rules, Mr. Reed had forty-five days to file a notice of appeal after his initial judgment of conviction was entered, which the trial court found occurred on November 1, 1999. The Court will use this date, instead of October 29, 1999, when Mr. Reed was sentenced, to calculate when the one-year limitation period began to run. As a result, the Court finds that Mr. Reed's conviction became final on December 16, 1999.

Mr. Reed does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on December 17, 1999, the day after his conviction became final, and expired on December 16, 2000. The instant action was submitted to the Court on November 9, 2009, well beyond the one-year limitation period.

The one-year limitation period ran untolled for 313 days from December 16, 1999, when Mr. Reed's conviction became final, to October 24, 2000, when he filed his Colo. R. Crim. P. 35(b) motion for reconsideration. These 313 days count against the one-year limitation period.

The period from October 24, 2000, until September 27, 2001, when the Colo. R. Crim. P. 35(b) motion for reconsideration of sentence was pending in state court, plus the period from September 28, 2001, to November 12, 2001, the 45 days during which Mr. Reed could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. App. R. 4(b), does not count against the one-year limitation period. The one-year limitation period expired on January 4, 2002,

5

52 days after November 12, 2001, when Mr. Reed could have appealed from the denial of his Colo. R. Crim. P. 35(b) motion.

The postconviction motions that Mr. Reed filed on October 19, 2006, and on October 12, 2007, after the one-year limitation period expired on January 4, 2002, did not toll the limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed with the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations."). Because Mr. Reed did not file his habeas corpus application in this Court until November 9, 2009, more than seven years after the one-year limitation period expired, the application must be dismissed as untimely.

Even if his conviction was not final until September 30, 2004, when Mr. Reed's probation was revoked and he was resentenced to prison, the application still is untimely. The period from October 1, 2004, the day after the revocation of probation and resentencing, until November 15, 2004, the 45 days during which the time for filing an appeal pursuant to Colo. App. R. 4(b) expired, does not count against the one-year limitation period. The period from January 26, 2005, to October 3, 2005, when the Colo. R. Crim. P. 35(b) motion was pending in state court, plus the period from October 4, 2005, to November 18, 2005, the 45 days during which Mr. Reed could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. App. R. 4(b), also does not count against the one-year limitation period.

However, the 72 days between November 15, 2004, when the time expired for appealing from the September 30, 2004, revocation and resentencing, and January 26, 2005, when Mr. Reed filed his Colo. R. Crim. P. 35(b) motion, counts against the one-

6

year limitation period. In addition, the gap of 1,452 days between November 18, 2005, when the time expired for appealing from the denial of the Colo. R. Crim. P. 35(b) motion, until November 9, 2009, when Mr. Reed filed in the instant application, counts against the one-year limitation period because the postconviction motions he filed on October 19, 2006, and on October 12, 2007, were denied as untimely and, therefore, did not toll the limitation period. An untimely postconviction motion is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)); *Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (*Pace* rule applies regardless of whether timeliness is an affirmative defense or jurisdictional; when a state postconviction motion is untimely under state law, "that is the end of the matter" for purposes of § 2244(d)(2)). On the basis of these time computations, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently, and it is the inmate's

"strong burden" to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Reed's equitable tolling arguments lack merit. He appears to confuse the three-year limitation period for filing a state postconviction motion pursuant to Colo. Rev. Stat. § 16-5-402 with the one-year limitation period for filing a federal habeas corpus application pursuant to § 2244(d).

He fails to demonstrate that he pursued his claims diligently. He could have raised his first claim attacking his conviction in a direct appeal from his conviction and sentence, but failed to do so. He failed to appeal directly from his new sentence. His second claim of ineffective assistance of counsel could have been raised in a postconviction proceeding. His third claim that he was denied the right to access a library and pursue postconviction relief during his time in community corrections was raised in a postconviction proceeding following the revocation of his probation and resentencing on September 30, 2004.

However, of the three state postconviction motions Mr. Reed filed after his 2004 resentencing, he failed to appeal from the denial of two of them. He only appealed from the denial of his Colo. R. Crim. P. 35(c) motion filed on October 12, 2007. Even assuming Mr. Reed's allegations in his third claim are true, that the unwritten rules of the community corrections program prohibited program participants from conducting legal research and filing postconviction motions, he waited until October 12, 2007, over three years after his community corrections sentence was terminated, to pursue

8

postconviction relief on this basis. As such, Mr. Reed fails to demonstrate that he pursued his claims diligently.

His difficulty in obtaining state and community corrections records does not constitute an extraordinary circumstance that prevented Mr. Reed from pursuing his postconviction remedies in state court or from filing his habeas corpus application on time. Mr. Reed complains that his attorney only helped him obtain part of the records he alleges he needed for his appeals, apparently from the denial of his postconviction proceedings, and directed him to the district attorney's office as a resource instead. However, a claim of ineffective assistance of postconviction counsel cannot justify equitable tolling because there is no federal constitutional right to postconviction review in the state courts or to the assistance of counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). In addition, reliance on the advice of counsel is not grounds to invoke equitable tolling. *Woods v. Denver Dep't of Revenue*, 818 F. Supp. 316, 318 (D. Colo. 1993).

The affidavits Mr. Reed attaches to the reply document his efforts and those of his sister, Patricia Hicks, beginning in August and September 2004, when he was resentenced, to obtain records, which he apparently believed he needed in order to initiate postconviction proceedings. However, the state register of actions demonstrates that no motions or requests for extensions of time to file a postconviction motion were filed between September 2004 and October 2007. *See* response, ex. A at 8-10. The affidavits do not allege extraordinary circumstances to justify Mr. Reed's untimely filing of state court postconviction proceedings once he was resentenced.

9

Therefore, Mr. Reed fails to allege facts that justify equitable tolling of the one-year limitation period.  The Court finds that Mr. Reed fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period.  Because the Court will dismiss the instant action as time-barred, Respondents' argument that Mr. Reed failed to exhaust his federal constitutional claims, which now are procedurally defaulted, need not be addressed.  Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this   24th   day of   February  , 2010.

BY THE COURT:

Christine M Arguello
_____
CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02634-BNB

Reginald Reed
Prisoner No. 123801
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to
the above-named individuals on _2/24/10_____

GREGORY C. LANGHAM, CLERK

By:_____
         Deputy Clerk